Thomas M. Melton (4999)
Securities and Exchange Commission
15 West South Temple Street
Suite 1800
Salt Lake City, UT 84101
Tel:  (801) 524-6748
Email:  meltont@sec.gov

John Bowers (*pro hac vice*)
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
Tel:  (202) 551-4645
Email:  bowersj@sec.gov

FILED
U.S. DISTRICT COURT

2013 MAR -6  A 10: 32

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

-----------------------------------------------------------------

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  : | |
| : | |
| Plaintiff,  : | |
| : | |
| v.  : | Case No. 2:10cv00574 |
| : | |
| ANTHONY C. ZUFELT, JOSEPH A. NELSON,  : | Judge Dee Benson |
| DAVID M. DECKER, JR., CACHE D. DECKER,  : | |
| ZUFELT BUSINESS SERVICES, INC.  : | |
| (d/b/a ZUFELT, INC.), SILVER LEAF  : | |
| INVESTMENTS, INC., JCN, INC., JCN  : | |
| CAPITAL, LLC, and JCN INTERNATIONAL,  : | |
| LLC,  : | |
| : | |
| Defendants,  : | **FINAL JUDGMENT AS TO** |
| : | **DEFENDANT CACHE D.** |
| and  : | **DECKER** |
| : | |
| JENNIFER M. ZUFELT, SHAE L. MORGAN,  : | |
| GARTH W. JARMAN, JR., ERIC R. NELSON,  : | |
| and KEVIN J. WILCOX,  : | |
| : | |
| Relief Defendants.  : | |
| : | |

-----------------------------------------------------------------

The Securities and Exchange Commission having filed a Complaint and Defendant

Cache D. Decker (hereinafter "Defendant") having entered a general appearance; consented to

the Court's jurisdiction over him and over the subject matter of this action; consented to entry of

this Final Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3)

of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (a)(3)] in the offer

or sale of any security by the use of any means or instruments of transportation or

communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)      to obtain money or property by means of any untrue statement of a material fact

             or any omission of a material fact necessary in order to make the statements

             made, in light of the circumstances under which they were made, not misleading;

             or

    (b)      to engage in any transaction, practice, or course of business which operates or

             would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants,

employees, attorneys, and all persons in active concert or participation with them who receive

2

actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

      (a)      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

      (b)      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

III.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, without being registered with the Commission as a broker or dealer or an associated person of a broker-dealer, acting as a broker or dealer and making use of the mails or any other means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security.

3

IV.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by knowingly or recklessly providing substantial assistance to any other person who violates Section 15(a) of the Exchange Act by, without being registered with the Commission as a broker or dealer or an associated person of a broker-dealer, acting as a broker or dealer and making use of the mails or any other means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security.

V.

IT IS FURTHER ORDERED that Defendant is liable for disgorgement of $43,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,395, for a total of $52,395.  Defendant shall satisfy this obligation by paying $52,395 to the Securities and Exchange Commission pursuant to the payment schedule set forth in paragraph VI below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account or by credit or debit card via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Cache D. Decker as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

If Defendant fails to make any payment required by the Final Judgment, the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law). Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED that Cache D. Decker shall pay $52,395 in 36 installments to the Commission according to the following schedule: $1,455.42 on the first day of the first full month after entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; $1,455.40, plus post-judgment interest on the remaining principal amount, on the first day

5

of the month for 35 months thereafter.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Cache D. Decker shall contact the staff of the Commission for the amount due for the final payment.

If Cache D. Decker fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VII.

IT IS FURTHER ORDERED that the  Defendant has agreed to cooperate with the Commission in the Commission's pending enforcement action, as well as in any related proceedings or actions, and that if at any time following the entry of the Final Judgment the Commission obtains information indicating that a Defendant knowingly provided materially false or misleading information or materials to the Commission, the Commission may, at its sole discretion and without prior notice to that Defendant, petition the Court to vacate this Final Judgment and restore this action, including all of the original allegations in the Complaint, to its active docket.

VIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _16th March 2013_

_Dee Benson_

UNITED STATES DISTRICT JUDGE