IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>ANTHONY C. ZUFELT, et al.,<br><br>       Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:10-cv-00574-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

This securities fraud matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 151.) Plaintiff is the Securities and Exchange Commission ("SEC"). Defendant relevant here is Anthony C. Zufelt ("Zufelt"). Presently before the Court is the SEC's motion to compel disclosures and interrogatory responses. (Dkt. 175.) The Court has reviewed the parties' briefing and heard statements from the parties during a status conference on July 16, 2015. For the reasons set forth below, the Court **GRANTS** the motion.

## ANALYSIS

### I.    SEC'S MOTION TO COMPEL

The SEC argues that, contrary to Zufelt's objections, the SEC has not propounded more than twenty-five interrogatories and is entitled to "reasonable answers" to all of its interrogatories. The SEC alternatively argues that it should be granted leave to propound additional interrogatories, to the extent the Court finds the SEC exceeded its twenty-five allotted interrogatories. The SEC next argues that interrogatories are the most efficient method of

discovery to obtain the information it seeks, and that deposition testimony will be less effective and more costly. Finally, the SEC argues that it is entitled to initial disclosures from Zufelt, which apparently have not yet been provided.

Zufelt first argues that the SEC failed to meaningfully meet and confer prior to filing its motion to compel. Next, Zufelt argues that the SEC has exceeded the permissible number of interrogatories because several interrogatories contain multiple "discrete subparts" that should be counted as separate interrogatories. Zufelt also argues that much of the information sought by the SEC is irrelevant because it seeks information from a multi-year time span, including dates before and after the violations the SEC alleges in the Complaint. Zufelt then argues that the interrogatories are overly broad and that production creates an undue burden. Finally, Zufelt argues that the SEC's attempt to compel disclosures is a "smoke screen" to divert attention from the dispute over interrogatory responses.

### a. Interrogatory responses

#### 1. Meet and confer

First, the Court disagrees with Zufelt's argument that the SEC failed to meet and confer prior to filing its motion to compel. Such conference is required by the Rules of Civil Procedure and this District's Local Rules. Fed. R. Civ. P. 37(a)(1); D.U. Civ. R. 37-1(a). The parties have discussed these matters at some length as evidenced by the emails submitted to the Court and the phone calls referenced by the parties. It does not appear to the Court that further discussion will be fruitful. Accordingly, the Court will consider the merits of the SEC's motion to compel.

#### 2. Number of interrogatories and "discrete subparts"

The heart of this dispute is whether the SEC has exceeded its allotted interrogatories by including "discrete subparts" that, combined with the interrogatories themselves, total more than the twenty-five allowed by Rule 33. *See* Fed. R. Civ. P. 33(a)(1). Both parties claim the benefit

of then-Magistrate Judge Nuffer's decision in *IOSTAR Corp. v. Stuart*, No. 1:07 CV 133, 2008 WL 1924209 (D. Utah, Apr. 25, 2008). "The determination of whether an interrogatory is actually one or many depends on whether subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" *Id.* at *1 (quoting *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684 (D.Nev. 1997). Yet, as noted in *IOSTAR*, the overriding concern in analyzing a motion to compel like this one is "how we move the case along." *IOSTAR* at *1. This may include, as contemplated in Rule 33, granting the propounding party leave to serve additional interrogatories. Fed. R. Civ. P. 33(a)(1).

Here, the Court will accept Zufelt's contention that at least some of the interrogatories contain additional discrete subparts and together the SEC's interrogatories may total more than twenty-five. Nonetheless, Zufelt has not convinced the Court that it should deny the SEC's motion to compel. The Court will not engage in a prolonged analysis to calculate the precise number of interrogatories because the Court's true interest is to move this case along. To the extent the SEC's interrogatories exceed twenty-five, the SEC is granted leave to serve the additional interrogatories because the Court finds that the SEC's requests are consistent with the proportionality requirements of Rule 26(b)(2). In fact, the interrogatories appear to be the least burdensome manner to collect the information sought by the SEC.

In addition to the argument regarding the number of interrogatories, Zufelt also asserts that the requested information lacks relevance and creates an undue burden on Zufelt. The Court will briefly address each of these arguments.

### A. Relevance

Zufelt alleges that the SEC seeks irrelevant information because the interrogatories call for information from a number of years before and after the securities violations that the SEC alleges took place in 2005 and 2006. The SEC responds that Zufelt misused investor funds long

after the last investor was solicited and that Zufelt continued communicating with investors even after the complaint in this case was filed.

Discovery is permitted only to the extent it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Based on the briefing of the parties, a review of the discovery requests, and the parties' statements during the July 16 hearing, the Court finds that the interrogatories are reasonably calculated to lead to the discovery of admissible evidence. The information the SEC seeks can reasonably be expected to uncover information that bears on the veracity Zufelt's alleged statements in 2005 or 2006, as well as the use of investor funds.

### B.  Breadth and burden

Zufelt also asserts that the requests are overbroad and unduly burdensome. It is incumbent on Zufelt, as the party resisting discovery, to establish undue burden. *See Digecor, Inc. v. E.Digital Corp.*, No. 2:06 CV 437, 2008 WL 803108 (D. Utah 2008) (citing *Horizon Holdings, LLC v. Genmar Holdings*, Inc., 209 F.R.D. 208, 213 (D.Kan.2002)). Unfortunately, Zufelt does not provide any detail that might allow this Court to evaluate his overbreadth or undue burden claims. Instead, he states that the SEC is asking for a large amount of information over a period of several years. While it is true that the SEC requests a large amount of information, Zufelt has not established that he will be unduly burdened by responding to the interrogatories.

### b.  Initial disclosures

In opposing the SEC's motion to compel Zufelt asserts that he only has a very small amount of information to disclose. During the July 16 hearing, counsel indicated that Zufelt does not substantively oppose the motion to compel. Accordingly, the Court will order Zufelt to provide initial disclosures.

### c. SEC documents

The SEC indicated during the July 16 status conference that they possess certain documents relevant to this case which they intend to share with Zufelt's counsel. The SEC shall produce these documents on a rolling basis, with the first partial production due July 31, 2015.

### d. Expenses

Rule 37 mandates an award of expenses incurred in making a successful motion to compel in the ordinary case; however, the Court finds here that such an award is not justified based upon the unusual procedural circumstances of this case, and the lack of a request from Plaintiff SEC, a government agency. *See* Fed. R. Civ. P. 37(a)(5)(A). The SEC acknowledged that their requests were not as narrow as even they might prefer, but reflect the SEC's best option to obtain an admittedly large amount of information. Additionally, while Zufelt failed to make initial disclosures, it does not appear that his failure has materially impacted this case because he has no information to disclose other than what the SEC already possesses.

## ORDERS

Based on the foregoing, the Court **GRANTS** the SEC's motion to compel. (Dkt. 175.) Zufelt shall provide his initial disclosures no later than close of business on July 24, 2015. Zufelt shall provide answers to the SEC's interrogatories by close of business on October 31, 2015. Finally, the SEC shall produce the documents described during the July 16 status conference on a rolling basis beginning on July 31, 2015.

Dated this 17th day of July, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge