IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>ANTHONY C. ZUFELT, et al.,<br><br>      Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:10-cv-00574-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

This securities fraud matter was referred to the court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 151.) Plaintiff is the Securities and Exchange Commission ("SEC"). Defendants relevant here are Anthony C. Zufelt, Shae Morgan Zufelt, and Garth Jarman ("Defendants"). Presently before the court is Richard Lawrence's ("Counsel") motion for withdrawal as counsel for Defendants. (Dkt. 201.) The court has reviewed the parties' briefing and determined that oral argument is not necessary. For the reasons set forth below, the court **TEMPORARILY DENIES** the motion.

## ANALYSIS

### I.    MOTION TO WITHDRAW

Counsel filed his motion to withdraw on November 6, 2015. Counsel argues that he should be allowed to withdraw because he has not been paid for services, he has been subpoenaed to testify by the SEC, and Defendants have not sufficiently cooperated in connection with Counsel. (Dkt. 201; Dkt. 204.)

The SEC opposes the motion on the grounds that Counsel has participated in this case for the past several months, including at several depositions, but Counsel never advised the SEC that he

was contemplating withdrawal. (Dkt. 202.) Additional depositions are scheduled as early as November 17, 2015, and as late as December 10, 2015. The SEC concludes that Counsel's withdrawal at this time will cause undue delay.

"Withdrawal may not be used to unduly prejudice the non-moving party by improperly delaying the litigation." D. U. Civ. R. 83-1.4(a)(3). Here, the court finds that the late notice of withdrawal will prejudice the SEC with regard to the November depositions. Fact discovery concludes December 18, 2015. Counsel filed his motion on November 6, less than two weeks before the scheduled November 17 deposition. Given the filing date, the SEC need not have responded to the motion until after the depositions were concluded. *See* D. U. Civ. R. 7-1(b)(3)(B). This is even more problematic given that Counsel made no effort to expedite consideration of his motion or otherwise bring this matter to the court's attention quickly. This creates a burden for the SEC, who was forced to scramble to respond to the motion to seek a prompt resolution in advance of the depositions set to proceed next week. Moreover, the fact discovery deadline is rapidly approaching.

The delay here is unjustified because Counsel represents that he has not been paid since late 2014. He was subpoenaed to testify in September 2015. (Dkt. 196.) He does not provide dates on which the other issues arose, but asserts at least one communication problem has been ongoing for "several month[s]." Thus, Counsel has been aware of the problems he addresses in his motion since well before the depositions scheduled for next week. Counsel should have notified his opponent and the court of the need to withdraw much earlier. Accordingly, Counsel may not withdraw before the November depositions.

Nonetheless, this prejudice can be remedied prior to the depositions scheduled for December 2015. Defendants have adequate time to secure any substitute counsel prior to the depositions in

December, the first of which is scheduled for December 9, 2015. Accordingly, Counsel will be permitted to withdraw following the November depositions.

## NOTICE TO DEFENDANTS

Defendants are hereby explicitly notified that they need to secure new counsel, or make satisfactory arrangements with Mr. Lawrence, if they intend to be represented in this case going forward. The court will not stay the litigation following Counsel's withdrawal, but certain dates will be extended as specifically noted below. Accordingly, Defendants must act as expeditiously as possible to make necessary arrangements to obtain counsel if they so desire. Any motion to continue the December depositions must be accompanied by a sworn declaration from Defendants describing the efforts undertaken to obtain counsel. Defendant Anthony C. Zufelt is further notified that after the motion to withdraw as filed, the SEC filed a motion for discovery sanctions against Mr. Zufelt. (Dkt. 205.)

## ORDER

Based on the foregoing, the court **TEMPORARILY DENIES** Counsel's motion to withdraw. (Dkt. 201.) Counsel may not withdraw until the depositions noticed for November 17, 18, and 19, 2015, conclude. Unless Counsel otherwise notifies the court subsequent developments, he shall be withdrawn from this case on November 20, 2015.

Counsel is further **ORDERED** to provide a copy of this order to Defendants to alert them of the need to make any necessary arrangements to obtain substitute counsel immediately.

The court further **ORDERS** that Defendants' time to file any opposition to the SEC's motion for summary judgment (Dkt. 201.) and Motion for sanctions against Defendant Anthony

C. Zufelt (Dkt. 205.) is extended until close of business on December 13, 2015.

Dated this 13th day of November, 2015.   By the Court:

_____
Dustin B. Pead
United States Magistrate Judge