IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  Plaintiff,  v.  ANTHONY C. ZUFELT, et al.,  Defendants. | MEMORANDUM DECISION  Case No. 2:10-cv-00574-DB-DBP  District Judge Dee Benson  Magistrate Judge Dustin B. Pead |

This securities fraud matter was referred to the court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 151.)  Plaintiff is the Securities and Exchange Commission ("SEC").  Defendant Anthony C. Zufelt ("Zufelt") filed the present motion to quash the subpoena for documents and testimony from Zufelt's counsel, Richard Lawrence ("Counsel").  (Dkt. 196.) The SEC opposes the motion. (Dkt. 197.) Zufelt did not file a reply and the time for doing so has expired. *See* D.U. Civ. R. 7-2(b)(3)(B). The court reviewed the parties' briefing and determined that oral argument is not necessary. For the reasons set forth below, the court will **GRANT IN PART AND DENY IN PART** Zufelt's motion to quash. (Dkt. 196.)

<u>ANALYSIS</u>

I.      **MOTION TO QUASH**

Zufelt argues that depositions of opposing counsel are generally disfavored. (Dkt. 196.) Zufelt further argues that the subpoena directed to his Counsel is unduly burdensome and seeks information subject to the attorney-client and work-product privileges.

The SEC opposes the motion arguing that Counsel has "unique knowledge of" financial transactions involving an entity, Pelican Station, to which Counsel provided legal and other services. (Dkt. 197.)  The SEC argues there is no valid basis upon which to quash the subpoena.

### a.   The SEC may not depose Counsel

The court will quash the deposition subpoena directed to Counsel because depositions of opposing counsel are generally disfavored and the SEC has not established that Counsel's deposition is appropriate here. "[D]epositions of opposing counsel should be limited to where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)). "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Id.*

Tellingly, each and every case the SEC cites in support of its argument on this issue found it appropriate to <u>deny</u> a deposition of counsel. (*See* Dkt. 197 at 6 (citing *Boughton*; *Shelton*; *Mike v. Dymon, Inc.*, 169 F.R.D. 376 (D. Kan. 1996); *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); *Unit Drilling Co. v. EEOC*, No. 2:14mc436, 2014 WL 2800755 (D. Utah June 19, 2014).)

The SEC does not meet the first prong of *Boughton* because the SEC has available to it other means to obtain the information sought. The SEC argues that deposing Counsel is the "best available option." (Dkt. 197 at 7.) This misconstrues the SEC's burden. The SEC must

demonstrate that "no other means exist" to obtain the information. *See Boughton* at 829. It is insufficient to show that Counsel's deposition is the most convenient source of information.

The SEC cannot do so here because there are several alternative sources of information. In fact, the SEC noticed the deposition of Pelican Station itself for the same day the SEC intends to depose Counsel. (*See* Dkt. 202.) The SEC has also noticed the deposition of Anthony Zufelt for December. (*See id.*) These depositions provide alternative sources for the SEC to obtain the information it seeks. The SEC appears to believe that these alternatives may not be successful based upon other discovery-related difficulties. This may or may not be correct, but precedent makes clear that the SEC must at least pursue these alternatives before deposing Counsel. The Federal Rules of Civil Procedure provide for remedies when parties and non-parties fail to comply with court-ordered discovery. Fed. R. Civ. P. 37(b) & 45(g). While the court is aware of the ongoing discovery disputes in this case, the SEC's proposal to depose Counsel poses a very serious risk of creating unnecessary delays to resolve collateral issues, and harming attorney-client relations. *Boughton* at 829 ("Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent.").

Given the court's conclusion that the SEC cannot establish the first prong of *Boughton*, the court need not examine the remaining elements. *Thiessen* at 1112 (affirming district court's findings related to the first element and concluding it was "unnecessary to address the district court's ruling on the second . . .").

**b.   Counsel must produce non-privileged Pelican Station records in his possession, and must provide a privilege log for any materials he asserts are privileged.**

*Shelton* and its progeny only appear to protect Counsel's testimony. Accordingly, the court analyzes separately the documents sought by the SEC subpoena. The SEC seeks records relating to Pelican Station. (Dkt. 197 at 1; *See* Dkt. 196, Ex. A at 8–10.) Counsel previously worked for

Pelican Station and at some point had access to its "books and records" to complete a bankruptcy filing. (Dkt. 196 at 3.) Counsel does not indicate whether he presently has any records from Pelican Station in his possession. (*Id.* at 2.) Counsel raises privilege objections, but he has not provided a privilege log as required. (Dkt. 197 at 10); *See* Fed. R. Civ. P. 45(e)(2)(A). Counsel also asserts that producing the documents at issue will create an undue burden because it requires him to conduct an investigation and review documents provided by the SEC.

A court is required to quash or modify a subpoena that calls for privileged information or subjects an individual to an undue burden. *See* Fed.R.Civ.P. 45(d)(3)(A)(iii)–(iv). A party claiming a privilege must supply a privilege log. *See* Fed. R. Civ. P. 45(e)(2)(A).

The court agrees that Counsel should not be required to undertake investigation on behalf of the SEC, though this does not excuse Counsel from producing documents already in his possession. Moreover, the SEC does not appear to desire Counsel to review documents the SEC provided. (*See* Dkt. 197 at 10.) Finally, while Counsel may be correct that some materials at issue are privileged, he must supply a privilege log to allow his opponent and the Court to evaluate any such claims.

Accordingly, Counsel is required to respond to the subpoena, but it will be modified slightly. Counsel need not procure documents not already in his possession. Also, Counsel may assert privilege, but he must he must provide a privilege log pursuant to Rule 45. With these modifications in mind, Counsel must produce any documents in his possession that are responsive to the SEC's subpoena. (*See* Dkt. 196, Ex. A at 8–10.)

## **ORDER**

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** Zufelt's motion to quash subpoena. (Dkt. 196.) The subpoena is quashed with regard to the proposed

deposition of Counsel. The demand for documents is modified to require Counsel to provide

only those documents already in Counsel's possession that are responsive to the SEC's

subpoena. This excludes documents provided by the SEC to Counsel. Counsel must supply a log

for all documents he believes are subject to attorney-client or work-product privilege.

Dated this 16th day of November, 2015.        By the Court:

_____
Dustin B. Pead
United States Magistrate Judge