IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY C. ZUFELT, et al.,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:10-cv-00574-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

   This securities fraud matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (ECF No. 151.)  Plaintiff is the Securities and Exchange Commission ("SEC").  Defendant relevant here is Anthony C. Zufelt ("Zufelt"). Presently before the Court is the SEC's motion for discovery sanctions. (ECF No. 205.) Zufelt did not file any opposition to the motion, which was submitted for decision on December 18, 2015. (ECF No. 213.) The court issued an order to show cause on January 5, 2016, directing Zufelt to provide the court with any reason the SEC's motion should not be granted. Zufelt did not respond to the order to show cause. For the reasons set forth below, the Court **RECOMMENDS GRANTING** the SEC's motion.

## ANALYSIS

### I.   SEC'S MOTION FOR SANCTIONS

The SEC seeks discovery sanctions against Zufelt because he failed to provide initial disclosures and answers to interrogatories despite being previously ordered to do so by this court. (ECF No. 205.)

> a. **The district court should enter default judgment against Zufelt for his failure to participate in discovery and respond to court orders.**

Zufelt has not complied with this court's order commanding him to provide initial disclosures and interrogatory responses. (*See* ECF No. 190.) The SEC served written discovery on Zufelt in March 2014. The SEC contends that Zufelt objected to the discovery and refused to provide any substantive response to any interrogatory the SEC propounded. (*See* ECF No. 205.) In May 2015, the SEC moved to compel Zufelt to provide initial disclosures and answers to interrogatories. (ECF No. 175.) After a hearing on the matter, the court granted the SEC's motion to compel and ordered Zufelt to provide initial disclosures by July 24, 2015, and responses to interrogatories no later than October 31, 2015. Despite this order, the SEC contends that Zufelt has not provided initial disclosures or interrogatory responses as of November 13, 2015, the date the SEC filed its motion for sanctions.[1] Also, as noted above, Zufelt has not filed any response to the motion for sanctions, even after this court issued an order to show cause requiring him to provide any reason why the motion for sanctions should not be granted. To date, Zufelt has not otherwise communicated with the court.

Where a party fails to provide discovery, the court may impose a variety of sanctions. *See* Fed. R. Civ. P. 37(b)(2). The SEC requests default judgment as a sanction for this failure. While such a sanction is within the court's discretion, it is extreme. The Tenth Circuit set forth several factors to guide the court in the exercise of its discretion: "(1) the degree of actual prejudice to the [SEC]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a

---

[1] Zufelt's counsel sought leave to withdraw in November 2015. Leave was granted on November 23, 2015. (ECF No. 209.)

likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011). These factors will be discussed sequentially.[2]

First, the SEC has been prejudiced because it has been delayed in discovering information necessary to prosecute its case. While this case was stayed several times to accommodate parallel criminal proceedings, it has not been stayed since the court ordered Zufelt to provide initial disclosures and respond to discovery. (*E.g.* ECF No. 170.) Thus, Zufelt is accountable for at least the six-month delay beginning in July 2015. This prejudice may be somewhat mitigated if the court allows additional time for discovery, but this will not recover the resources already expended by the SEC attempting to obtain information from Zufelt.

Second, Zufelt's actions have interfered with the judicial process. The SEC's discovery has been delayed, and Zufelt has recently stopped responding to the SEC's motions as well as the court's order to show cause. It is impossible for the Plaintiff SEC to meaningfully prosecute its case when a defendant will not respond to discovery, motions, or even court orders.

Third, Zufelt is culpable for these failures. While initially the court was concerned that Zufelt may have been struggling to compile the necessary information, his failure to respond to the court's order to show cause indicates that he simply refuses to participate in this process.

Fourth, the court explicitly warned Zufelt that "[f]ailure to respond [to the order to show cause] may result in default judgment against Defendant Anthony C. Zufelt." (ECF No. 216.) Accordingly, he has been warned in advance that default judgment was a possible sanction.

Fifth, lesser sanctions will not be effective here. Even the risk of default judgment could not convince Zufelt to respond to discovery, the SEC's motion, or this court's order to show cause.

---

[2] These factors constitute a non-exclusive list of factors used to guide the court's exercise of discretion. The court need not expressly mention each factor or give any particular weight to any factor. Instead, these factors merely aid the court in the exercise of its discretion. *Lee* at 1324.

The court finds it appropriate to employ a default judgment sanction to address a party's repeated refusal to meaningfully participate in litigation. The court ordered this discovery over six months ago. Despite a specific order to respond, Zufelt has refused to file so much as an explanation of his failure to participate in discovery.

## **RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS GRANTING** the SEC's motion for sanctions and imposing default judgment against Defendant Zufelt in an amount to be determined by subsequent hearing. (ECF No. 205.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 3rd day of February, 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge