IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | REPORT AND RECOMMENDATIONS |
|---|---|
| Plaintiff, | Case No. 2:10-cv-00574-DB-DBP |
| v. | District Judge Dee Benson |
| ANTHONY C. ZUFELT, et al., | Magistrate Judge Dustin B. Pead |
| Defendants. | |

## INTRODUCTION

This securities fraud matter was referred to the court under 28 U.S.C. § 636(b)(1)(A).[1] (ECF No. 151.) Plaintiff is the Securities and Exchange Commission ("SEC"). Defendants relevant here are Relief Defendants Shae L. Morgan ("Morgan"), Jennifer M. Zufelt ("Jennifer Zufelt"), and Garth W. Jarman ("Jarman"). Presently before the court are three SEC motions requesting discovery sanctions, including default judgment. (ECF Nos. 218, 223, 226.) In two of the motions, the SEC alternatively seeks summary judgment. (ECF Nos. 223, 226.) None of the Defendants filed any opposition to these motions. All three motions have been submitted for the court's decision. (ECF Nos. 225, 228–29.) For the reasons set forth below, the court **RECOMMENDS** the District Court **GRANT** the SEC's motions.

## ANALYSIS

As the court has stated previously, "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice." (ECF No. 208 (quoting D.U. Civ. R. 7-1(d));

---

[1] Two motions seeking summary judgment have been referred to the court under 28 U.S.C. § 636(b)(1)(B). Likewise, a report and recommendation is appropriate for all motions considered here because they seek, and the court will recommend, dispositive relief.

*see* D.U. Civ. R. 56-1(g). None of the Defendants have responded to the SEC's motions for sanctions. For this reason the court **RECOMMENDS GRANTING** the SEC's motions for sanctions. (ECF Nos. 218, 223, 226.) Nonetheless, because the motions seek dispositive relief in the form of default or summary judgment, the court will evaluate the appropriateness of these sanctions in greater detail.

## I. SEC'S MOTION FOR SANCTIONS AGAINST DEFENDANT MORGAN

The SEC seeks discovery sanctions against Morgan because she failed to provide initial disclosures and failed to provide supplemental discovery responses despite being previously ordered to do so by this court. (ECF No. 218.) The SEC served written discovery on Morgan in April 2014, which she answered in May 2014. (*See* ECF No. 198, Ex. 7.) In October 2015, the SEC moved to compel Morgan to provide initial disclosures and further answers to interrogatories. (ECF No. 198.) Morgan did not respond to this motion. Accordingly, the court granted the motion to compel. (ECF No. 208.) Morgan has not complied with the court's order commanding her to provide initial disclosures and interrogatory responses.

### a. The District Court should enter default judgment against Morgan for her failure to participate in discovery and respond to court orders

Despite the order to compel, the SEC states that Morgan never provided initial disclosures or discovery responses. (ECF No. 218.) Also, as noted above, Morgan has not filed any response to the motion for sanctions. Where a party fails to comply with an order to provide discovery, the court may impose a variety of sanctions. *See* Fed. R. Civ. P. 37(b)(2). The SEC requests sanctions, up to and including default judgment, for this failure. While such a sanction is within the court's discretion, it is extreme. The Tenth Circuit set forth several factors to guide the court in the exercise of its discretion: "(1) the degree of actual prejudice to the [SEC]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court

warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011). These factors will be discussed sequentially.[2]

First, the SEC has been prejudiced because it has been delayed in discovering information necessary to prosecute its case. While this case was stayed several times to accommodate parallel criminal proceedings, it has not been stayed since the court ordered Morgan to provide initial disclosures and respond to discovery. (*See, e.g.*, ECF No. 170.) Thus, Morgan is accountable for at least the eight-month delay beginning in November 2015. This prejudice may be somewhat mitigated if the court allows additional time for discovery, but this assumes Morgan will suddenly appear or participate in discovery, which does not appear likely at this point. Further, it cannot restore the resources the SEC has expended to attempt to obtain this information.

Second, Morgan's actions have interfered with the judicial process. The SEC's discovery has been delayed, and Morgan has stopped responding to the SEC's motions in addition to its discovery requests. It is impossible for the SEC to meaningfully prosecute its case when a defendant will not respond to motions, or discovery, even after the court orders a response.

Third, Morgan is culpable for these failures. Morgan's refusal to respond has persisted both while she was represented by counsel and now that she represents herself.

Fourth, the court has not explicitly warned Morgan that her failure will result in default judgment. Yet, the court explicitly warned her codefendant (and purported spouse) Anthony Zufelt that default judgment was a possible sanction. (ECF No. 216.) After Anthony Zufelt failed to respond, the court recommended, and the District Court entered, default judgment against Mr.

---

[2] These factors constitute a non-exclusive list of factors used to guide the court's exercise of discretion. The court need not expressly mention each factor or give any particular weight to any factor. Instead, these factors merely aid the court in the exercise of its discretion. *Lee* at 1324.

Zufelt. (ECF Nos. 219–20.) Accordingly, Morgan was aware that default judgment was a potential sanction for failure to respond, even if she was not individually warned that the same sanction was likely to be entered against her.

Fifth, lesser sanctions will not be effective here. Morgan simply refuses to participate in the litigation. Awarding attorney fees to the SEC does little to advance the case and does not appear to the court to be likely to evoke a response from Morgan, who has not participated at all in this action for months. The court finds it appropriate to employ a default judgment sanction to address Morgan's repeated refusal to meaningfully participate in litigation. The court ordered this discovery over eight months ago. Morgan has made no effort to provide the discovery ordered or explain her failure to do so.

Based on the foregoing, default judgment should be entered against Morgan in the amount of $81,402 as requested in the SEC's motion. The amount of the judgement is supported by the accounting submitted by the SEC. (ECF No. 218, Ex. 1.) Morgan did not oppose the motion for sanctions and thus has not offered any evidence that this amount is incorrect.

## II. SEC'S MOTION FOR SANCTIONS AGAINST DEFENDANT JENNIFER ZUFELT

The SEC seeks discovery sanctions against Defendant Jennifer Zufelt because she failed to provide discovery responses and attend her deposition. (ECF No. 223.) The SEC served written discovery on Jennifer Zufelt in May 2014. (*See* ECF No. 223, Ex. 1.) She never responded. In August 2015, the SEC noticed Jennifer Zufelt's deposition for December 10, 2015. (ECF No. 223, Ex. 2.) Jennifer Zufelt did not attend this deposition. (ECF No. 223, Ex. 3.)

### a. The District Court should enter default judgment against Jennifer Zufelt for her failure to attend her deposition and provide discovery responses

The court has discretion to enter default judgment against a party who does not attend their own properly-noticed deposition. *See* Fed. R. Civ. P. 37(d). The court determines whether a

Zufelt. (ECF Nos. 219–20.) Accordingly, Morgan was aware that default judgment was a potential sanction for failure to respond, even if she was not individually warned that the same sanction was likely to be entered against her.

Fifth, lesser sanctions will not be effective here. Morgan simply refuses to participate in the litigation. Awarding attorney fees to the SEC does little to advance the case and does not appear to the court to be likely to evoke a response from Morgan, who has not participated at all in this action for months. The court finds it appropriate to employ a default judgment sanction to address Morgan's repeated refusal to meaningfully participate in litigation. The court ordered this discovery over eight months ago. Morgan has made no effort to provide the discovery ordered or explain her failure to do so.

Based on the foregoing, default judgment should be entered against Morgan in the amount of $81,402 as requested in the SEC's motion. The amount of the judgement is supported by the accounting submitted by the SEC. (ECF No. 218, Ex. 1.) Morgan did not oppose the motion for sanctions and thus has not offered any evidence that this amount is incorrect.

## II. SEC'S MOTION FOR SANCTIONS AGAINST DEFENDANT JENNIFER ZUFELT

The SEC seeks discovery sanctions against Defendant Jennifer Zufelt because she failed to provide discovery responses and attend her deposition. (ECF No. 223.) The SEC served written discovery on Jennifer Zufelt in May 2014. (*See* ECF No. 223, Ex. 1.) She never responded. In August 2015, the SEC noticed Jennifer Zufelt's deposition for December 10, 2015. (ECF No. 223, Ex. 2.) Jennifer Zufelt did not attend this deposition. (ECF No. 223, Ex. 3.)

### a. The District Court should enter default judgment against Jennifer Zufelt for her failure to attend her deposition and provide discovery responses

The court has discretion to enter default judgment against a party who does not attend their own properly-noticed deposition. *See* Fed. R. Civ. P. 37(d). The court determines whether a

default-judgment sanction is appropriate utilizing the five factors discussed previously. *See supra* Part I.a (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318 (10th Cir. 2011)). The court concludes that default judgment is the proper sanction here.

First, the SEC has been prejudiced because it has been completely prevented from discovering information necessary to prosecute its case against Jennifer Zufelt. Jennifer Zufelt has refused to provide any discovery or even attend her own deposition.

Second, Jennifer Zufelt's actions have interfered with the judicial process. The SEC's discovery has been delayed, and Jennifer Zufelt did not respond even to the SEC's instant motion for discovery sanctions. It is impossible for the SEC to meaningfully prosecute its case when a defendant will not provide disclosures, respond to discovery, or respond to motions.

Third, Jennifer Zufelt is culpable for these failures. Jennifer Zufelt represented herself throughout this litigation. She filed an answer (ECF No. 49) but otherwise chose not to participate in this litigation.

Fourth, the court has not explicitly warned Jennifer Zufelt that her failure will result in default judgment. Yet, the court explicitly warned her codefendant Anthony Zufelt about such a sanction and imposed a default judgment for his failure to respond to discovery, as discussed above. *See supra* Part I.a. (ECF Nos. 219–20.) Accordingly, Jennifer Zufelt was aware that default judgment was a potential sanction for failure to respond, even if she was not individually warned that the same sanction was likely to be entered against her.

Fifth, lesser sanctions will not be effective here. Jennifer Zufelt refuses to meaningfully participate in this litigation. Since filing her answer, Jennifer Zuflet has not interacted at all with the court, or apparently SEC counsel. Accordingly, the court finds it appropriate to impose default judgment against Jennifer Zufelt.

Based on the foregoing, the court will recommend the District Court enter default judgment against Defendant Jennifer Zufelt for the $46,000 sought in the SEC's motion. This damage calculation is discussed below. *See infra* Part II.b.

**b. The SEC is entitled to summary judgment**

Moreover, even if the court imposed a lesser sanction than default judgment, the SEC is entitled to judgment on the merits. The SEC's motion includes a motion for summary judgment in the event that the court declines to impose a default judgment. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The District Court may grant summary judgment to the SEC and order Jennifer Zufelt to disgorge funds if the undisputed facts demonstrate that Jennifer Zufelt "(1) is in possession of ill-gotten funds and (2) lacks a legitimate claim to those funds." *U.S. Commodity Futures Trading Comm'n v. Prestige Ventures Corp.*, No. 09-1284, 2010 WL 8355003, at *6 (W.D. Okla. Oct. 27, 2010), *aff'd sub nom. U.S. Commodity Futures Trading Comm'n v. Lee*, 445 F. App'x 126 (10th Cir. 2011) (citing *SEC v. Cavanagh*, 155 F.3d 129 (2d Cir. 1998)).

1. The facts in the SEC's motion may be treated as true

Jennifer Zufelt did not file an opposition to the motion for summary judgment, and the time for doing so has now passed. *See* D. U. Civ. R. 7-1(b)(3). As a result, the facts laid out the in SEC's motion may be treated as true for purposes of the District Court's review. Fed. R. Civ. P. 56(e); D. U. Civ. R. 56-1(c). Additionally, the SEC points out that certain requests for admission to which Jennifer Zufelt did not respond are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

2. The undisputed facts demonstrate that the SEC is entitled to judgment

Here, the undisputed facts demonstrate that Jennifer Zufelt received $46,000 of unlawfully-obtained investor funds. (*See* ECF No. 223 at 10–11 (unchallenged statement of facts for summary judgment motion), Ex. 1 (requests for admission to which Jennifer Zufelt did not respond), Ex. 4 (accounting that includes analysis of funds paid to Jennifer Zufelt). Moreover, the record before the court suggests that Jennifer Zufelt had no legitimate claim to these funds. Jennifer Zufelt has admitted (by failing to respond to requests made pursuant to Rule 36) that she did not invest any funds with the entities from which she received payments. Likewise, she admitted that she did not provide goods or services equivalent to the amounts she received and did not repay the funds to the entities from which she received them. (ECF No. 223, Ex. 1.) Accordingly, the SEC is entitled to summary judgment in its favor because Jennifer Zufelt is in possession of ill-gotten funds and has no legitimate claim to those funds.

### III. SEC'S MOTION FOR SANCTIONS AGAINST DEFENDANT JARMAN

The SEC seeks discovery sanctions against Defendant Jarman based on alleged deficiencies in his discovery responses following the court's order to compel. The SEC served written discovery on Jarman in March 2014. (*See* ECF No. 198, Ex. 8.) Jarman responded to these requests in June 2015. (*See id.*) In October 2015 the SEC moved to compel Jarman to provide initial disclosures, additional answers to interrogatories, and documents responsive to the SEC's requests. (ECF No. 198.) Jarman did not respond to that motion. Accordingly, the court granted the unopposed motion to compel. (ECF No. 208.) Unlike the two Defendants discussed previously, Jarman provided initial disclosures and a supplemental response to written discovery following the court's November 2015 motion to compel. (*See* ECF No. 226, Ex. 5.) Nonetheless, as described in detail below, the tardy disclosures and supplemental responses were incomplete and evasive and the court will treat them as a failure to respond.

### a. Jarman's deficient initial disclosures and discovery responses must be treated as a failure to disclose and respond

The court first notes that Jarman's written discovery was not timely provided to the SEC. Jarman did not provide his single-page initial disclosures, or his supplemental discovery responses, until February 2, 2016. This was nearly three months after the court ordered Jarman to provide these discovery materials, and well after the December 18, 2015 fact-discovery-cutoff date. (ECF No. 191.)

Turning to the content of Jarman's production, his initial disclosures are incomplete and his discovery responses are inadequate. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Jarman's initial disclosures span one double-spaced page, exclusive of caption and signature block. More troubling than their brevity, the disclosures lack information required by Rule 26. The disclosures do not provide a telephone number for any of the three witnesses, one of which is Jarman himself, another is Tracy Jarman (presumably his wife), who apparently shares Jarman's address. Likewise, the disclosures do not make any attempt to indicate the "subjects" about which these three witnesses may testify. Fed. R. Civ. P. 26(a)(1)(A)(i).

Next, Jarman's supplemental discovery responses are inadequate. For example, Jarman makes the same general objections in his supplemental responses despite a court order overruling them. In its motion to compel, the SEC took issue with Jarman's general objections one, four, and seven. (ECF No. 198 at 4–5.) The court granted the motion to compel because Jarman did not file any opposition to it. (ECF No. 208.) Notwithstanding the order to compel Jarman's response, which implicitly overruled these objections, he provided the SEC with a supplemental response that repeated these same objections. (ECF No. 226, Ex. 5.) This is unacceptable.

Finally, Jarman has been evasive in his responses despite the order to compel. The clearest example of Jarman's evasive answers is interrogatory nine, which seeks financial information related to Pelican Lake Café (which Jarman owned for several years) and related entities ("Pelican entities"). The supplemental response to interrogatory nine contains the same objections Jarman asserted in his initial responses. (ECF No. 226, Ex. 5.) This is clearly not appropriate in light of the court's order compelling Jarman to provide complete interrogatory responses. (*See* ECF Nos. 198, 205.) Additionally, the interrogatory seeks information related to the financial performance of the Pelican entities, but Jarman provides none. Instead, despite owning Pelican Lake Café for several years, Jarman provides no information about the financial performance of that business. Instead, Jarman refers generally to certain tax returns. Yet, the SEC asserts that these documents are unhelpful. The SEC asserts that Jarman has provided only the documents he submitted with his request for a financial waiver, and documents the SEC previously produced to Jarman. (ECF No. 226 at 13.) Jarman did not oppose the motion for sanctions, and thus has not provided any explanation for his tardy and deficient initial disclosures and discovery responses. Based on the foregoing, the court treats Jarman's deficient attempts at discovery as a failure to make disclosures or answer discovery requests, despite the court's order compelling him to do so.

### b. The District Court should enter default judgment against Jarman for his failure to participate in discovery and respond to court orders.

As discussed previously, the court has discretion to enter default judgment against a party who refuses to comply with an order to compel. *See supra* Part I.a (citing Fed. R. Civ. P. 37(b)(2); *Lee v. Max Int'l, LLC*, 638 F.3d 1318 (10th Cir. 2011)). The court concludes that default judgment is appropriate here.

First, the SEC has been prejudiced because it has been delayed in discovering information necessary to prosecute its case, which is nearly six years old. While this case was stayed several times to accommodate parallel criminal proceedings, it has not been stayed since the court ordered Jarman to provide initial disclosures and respond to discovery. (*See, e.g.*, ECF No. 170.) Thus, Jarman is accountable for at least the eleven-week delay from November 2015 until February 2016 in which he provided no discovery materials despite the court's order compelling them. Likewise, he is responsible for the ongoing delay caused by his evasive and incomplete disclosures and discovery responses. The court is not persuaded that additional time for discovery will cure this delay. Jarman has not provided meaningful information in discovery. While Jarman has responded and ostensibly provided some written discovery, his disclosures and responses have been evasive, even after an order to compel. Jarman has been given several opportunities to provide written discovery materials. Rather than provide information that might move this case forward, he chose instead to make perfunctory efforts at discovery that have only served to prolong the delays in this case. Jarman's initial disclosures omit basic material required by Rule 26. Further, Jarman's supplemental discovery responses offer little to no additional substantive information. Thus, the SEC has been prejudiced by Jarman's actions.

Second, Jarman's actions have interfered with the judicial process. In addition to the discovery delays, Jarman has stopped responding to the SEC's motions. He filed nothing in response to the SEC's motion for sanctions, filed four months ago, even after the SEC notified the court that the motion was unopposed. It is impossible for the SEC to meaningfully prosecute its case when a defendant will not respond to motions.

Third, Jarman is culpable for these failures. Jarman's refusal to respond has persisted both while he was represented by counsel and for the brief period in which he represented himself.

Further, as the SEC asserts in its brief, counsel's conduct may be imputed to a client where a tactical decision is made "to engage in conduct in contempt of or in utter indifference to the process by which litigation is resolved . . . ." (ECF No. 226 at 11–12 (quoting *F.D.I.C. v. Daily*, 973 F.2d 1525 (10th Cir. 1992).) Jarman's conduct throughout this litigation evidences at least indifference to these proceedings.

Fourth, the court has not explicitly warned Jarman that his failure will result in default judgment. Yet, as mentioned previously, the court did warn codefendant Anthony Zufelt before entering default judgment against him. *See supra* Part I.a. Accordingly, Jarman was aware that default judgment is a potential sanction for failing to participate in discovery, even if he was not individually warned that the same sanction was likely to be entered against him. Likewise, Jarman is represented by counsel who presumably knows the risk of incomplete and evasive discovery materials.

Fifth, lesser sanctions will not be effective here. Despite a court order compelling the discovery materials at issue, Jarman elected to provide evasive and incomplete responses and disclosures. Facing a motion that sought default judgment, or alternatively summary judgment, Jarman elected not to respond in any fashion. The court finds it appropriate to enter default judgment to sanction Jarman's refusal to meaningfully participate in this litigation. Jarman is in a somewhat different position than his codefendants mentioned above because he did eventually respond to discovery requests. Here, that is a distinction without any difference because Jarman's efforts at discovery were both extremely tardy and lacking in substance. Further, Jarman, like his codefendants, did not respond to the instant motion or make any other effort to explain or defend his behavior.

Accordingly, the court will recommend the District Court enter default judgment against Defendant Jarman for $249,508. The court is cognizant that "[a]ctual proof must support any default judgment for money damages where there is an uncertainty as to the amount. *Topp v. Lone Tree Athletic Club, Inc.*, No. 13-01645, 2014 WL 3509201, at *6 (D. Colo. July 15, 2014) (citing *Klapprott v. United States*, 335 U.S. 601 (1949). Accordingly, the requisite proof is discussed below. *See infra* Part III.c.

### c. The SEC is entitled to summary judgment

Even if a sanction less than default judgment were imposed, the SEC is entitled to judgment on the merits. The SEC's motion includes a motion for summary judgment in the event that the District Court declines to impose default judgment. Jarman did not file any opposition to the motion for summary judgment. The time for doing so has expired.[3] *See* D. U. Civ. R. 7-1(b)(3).

The District Court may grant summary judgment to the SEC and order Jarman to disgorge funds if the undisputed facts demonstrate that Jarman "(1) is in possession of ill-gotten funds and (2) lacks a legitimate claim to those funds." *U.S. Commodity Futures Trading Comm'n v. Prestige Ventures Corp.*, No. 09-1284, 2010 WL 8355003, at *6 (W.D. Okla. Oct. 27, 2010), *aff'd sub nom. U.S. Commodity Futures Trading Comm'n v. Lee*, 445 F. App'x 126 (10th Cir. 2011) (citing *SEC v. Cavanagh*, 155 F.3d 129 (2d Cir. 1998)). Both elements are satisfied here.

#### 1. Jarman received unlawfully-obtained investor funds

Here, the undisputed facts demonstrate that Jarman received $249,507.52[4] of unlawfully-obtained investor funds. (*See* ECF No. 226 at 15–18 (unchallenged statement of facts for summary judgment motion), Ex. 1 (accounting that includes analysis of funds paid to Jarman).

---

[3] As a result, the facts set forth the in SEC's motion may be treated as true for purposes of the motion. Fed. R. Civ. P. 56(e); D. U. Civ. R. 56-1(c).

[4] This is $60,000 less than the amount requested in the SEC's motion, for reasons discussed below. *See infra* Part III.c.1.A.

Most of the transfers at issue were made directly to Jarman, but the SEC also attempts to recover funds transferred to third parties, which the SEC alleges benefitted Jarman. The first is a transfer of $131,432.52 on July 1, 2005. This same amount of money was transferred to a third party, rather than to Jarman, but these funds were used to purchase the Pelican Lake Café property in the names of Jarman and Defendant Anthony Zufelt on July 1, 2005. (ECF No. 226 at 17.) Jarman did not contribute any funds to the purchase of the Pelican Lake Café property. (*Id.* at 20.) Also, in November 2007 Defendant Anthony Zufelt deeded his interest in the Pelican Lake Café property to Jarman by quitclaim deed, making Jarman the sole owner. (*Id.* at 17.) The second transfer is a $19,000 transfer on July 12, 2005, to McMullin Heating and Air, for an expense related to the Pelican Lake Café. (*Id.*) The court finds that both of these transactions resulted in Jarman's possession of ill-gotten gains. Previous cases evaluating relief defendants have not distinguished between direct transfers of money, and transfer of property. *See, e.g.*, *S.E.C. v. George*, 426 F.3d 786, 798 (6th Cir. 2005) (treating a gift of a diamond ring as a transfer of ill-gotten funds). Likewise, the court is not aware of any case that distinguishes between the hard assets themselves, and funds used to maintain or improve those assets, such as the transfer to McMullin for "work on the Pelican Lake Café." (ECF No. 226 at 17.) These funds were paid to benefit Jarman because they were used to purchase, improve, or maintain property that belonged to Jarman. Thus, Jarman is in possession of these ill-gotten gains.

### A. *The court does not find that Jarman received the transfer that "could" have been used for Pelican Lake Café*

On the other hand, the court excludes from the calculation of the judgment a $60,000 transfer made on August 29, 2005, because the undisputed facts regarding this transfer do not demonstrate by a preponderance of the evidence that Jarman possesses these funds. The SEC sets forth the following undisputed fact: "Anthony Zufelt could not identify any business records that

identified what these funds were used for, but stated his belief that, based on the timing of the withdrawal, these funds may have been used for the Pelican Lake Café." (ECF No. 226 at 18.) In the deposition transcript to which the SEC cites, Defendant Anthony Zufelt testified that the funds "could" have been used for the Pelican Lake Café, based on the date of the transfer. (ECF No. 226, Ex. 1.) SEC counsel then asked, "as you sit here right now, you can't say what the $60,000 was for?" Zufelt responded, "no. I don't remember, no, specifically." (*Id.*) The court finds this undisputed fact insufficient to demonstrate that Jarman received this transfer.

2. Jarman had no legitimate claim to the funds

Next, there is no evidence on the record before the court that Jarman had any legitimate claim to the funds he received. Jarman was unable to identify any valid business purpose for his receipt of investor funds and could not identify any benefit provided to investors. (ECF No. 226 at 19–20.) Accordingly, the SEC is entitled to summary judgment in its favor. "To survive summary judgment in the face of the SEC's evidence, the relief defendants needed to present affirmative evidence, not just affirmative assertions, demonstrating a disputed issue of material fact." *S.E.C. v. George*, 426 F.3d 786, 798 (6th Cir. 2005). Here, Jarman has not provided even an assertion rebutting the SEC's evidence, let alone affirmative evidence. Thus, the SEC is entitled to summary judgment against Jarman.

## RECOMMENDATIONS

Based on the foregoing, the court **RECOMMENDS** the District Court **GRANT** the SEC's motion for sanctions against Defendant Morgan (ECF No. 218) and enter default judgment against Defendant Morgan in the amount of $81,402.

The court **FURTHER RECOMMENDS** the District Court **GRANT** the SEC's motion for sanctions against Defendant Jennifer Zufelt (ECF No. 223) and enter default judgment, or alternatively summary judgment, against Defendant Jennifer Zufelt in the amount of $46,000.

The court **FURTHER RECOMMENDS** the District Court **GRANT** the SEC's motion for sanctions against Defendant Jarman (ECF No. 226.), and enter default judgment, or alternatively summary judgment, against Defendant Jarman in the amount of $249,507.52.

Copies of the foregoing Report and Recommendations are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 5th day of August 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge